(89 South. 603)

### STUTTS v. STATE ex rel. SHAW.
### (8 Div. 289.)

(Supreme Court of Alabama. June 9, 1921.)

Intoxicating liquors ⬦251—Evidence held sufficient to show seized automobile property of user.

In a proceeding to condemn an automobile used in transporting prohibited liquors, where the user's wife claimed the car, evidence that the husband contributed part of the cash payment, paid for all repairs, generally used the car as his own, claimed it as his at the time of the seizure, and, when the seller refused to sell to claimant, executed the purchase-money notes, held sufficient to show that the car was his, though claimant furnished the remainder of the purchase price from money earned from boarders and money borrowed by her.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Bill by the State of Alabama, on the relation of W. H. Shaw, against George Stutts, to condemn a certain automobile because used in the transportation of prohibited liquor, with claim for the car propounded by Eliza Stutts. From a decree of condemnation, respondent appeals. Affirmed.

A. H. Carmicheal, of Tuscumbia, for appellant.

Counsel discusses the facts with the insistence that the claimant should have prevailed, but he cites no authority.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel failed to reach the Reporter.

GARDNER, J. A five-passenger Overland automobile was seized by the sheriff of Colbert county while in the possession of one George W. Stutts, husband of claimant; and the bill in this cause was filed by the county solicitor to have the same condemned and ordered sold under the provisions of section 13 of the General Acts of 1919, p. 6, for the reason that at the time of its seizure it was being used in the transportation of prohibited liquors. George Stutts was made a party to the proceeding, and admitted in his answer that at the time of the seizure liquors or beverages were being transported from one point in the state to another, contrary to law, but that the car was the property of his wife, he having no interest or ownership therein. Eliza Stutts intervened as a claimant, setting up that she had purchased the car with money of her own, earned by her labor, in keeping boarders at her home. It is not questioned that she had no notice or knowledge of such illegal use of the car, and is not chargeable with any negligence in regard thereto.

The only question here to be determined relates to the ownership of the car. If the property of the husband, the decree is correct. We enter into no discussion of the evidence in detail, but merely refer thereto in a general manner. Confessedly, the husband contributed some of the purchase money which constituted the cash payment. The wife insists she furnished the remainder of the purchase price out of money earned from boarders, and borrowed $125 from a nephew who boarded at the house. It is without conflict that the husband paid for all repairs, and generally used the car as his own, and claimed the same as his at

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the time of the seizure, and that at the time of the purchase the seller declined to sell to the wife, as there were to be deferred payments and notes executed therefor. He insisted upon the transaction being had with the husband, and not the wife, and such was done, the husband, and not the wife, executing the purchase-money notes.

The trial judge reached the conclusion that the car was the property of the husband, and after a careful reading and consideration of the evidence in consultation we are of the opinion the decree is correct, and will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.